UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DAVIS; ROLAND BRISTOL; E.B.,

                    Plaintiffs,

-against-

ABIGAL ADAMS, *et al.*,

                    Defendants.

24-CV-6698 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND SIGNATURE PAGE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Wendy Davis and Roland Bristol bring this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

Here, when Davis initiated this action, she submitted the complaint with an IFP application, but Bristol did not. Accordingly, within thirty days of the date of this order, Bristol must submit the attached IFP application and label it with docket number 24-CV-6698 (LTS). If the Court grants the IFP application, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Bristol can afford to pay the fees, he must pay the $405.00 in fees to bring this action.

---

[1] Plaintiffs list Davis's minor child, E.B., as a plaintiff. A nonlawyer parent, however, ordinarily cannot represent a child's interests *pro se*. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *see Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). By separate order, the Court will address Davis's attempt to bring claims on behalf of her minor child.

Bristol also did not sign the complaint, which is required under Rule 11(a) of the Federal Rules of Civil Procedure. That rule provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").[2]

Accordingly, Bristol is directed to sign and submit the attached document titled, Plaintiff's Certification and Warnings, within 30 days of the date of this order. If Bristol returns the signed document by mail or in person, it must have a handwritten signature that complies with Rule 11(a). If Bristol submits the document by email, to ProSe@nysd.uscourts.gov, he may use instead an electronic signature or a typed name with /s/ ("/s/ Roland Bristol") on the signature line. The signed document must be labeled with docket number 24-CV-6698 (LTS).[3]

No summons shall issue at this time. If Bristol complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Bristol fails to comply with this order within the time allowed, the Court will dismiss Bristol's claims without prejudice.

---

[2] Although a "typed name" does not satisfy Rule 11(a)'s signature requirement, the Supreme Court affirmed the right of courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker,* 532 U.S. at 764. Under this court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing ("ECF") Rules & Instructions ("ECF Rules"), the filing complies with the local rules. *See* Local Civil Rule 5.2. Rule 1.1 and Appendix C of the ECF Rules authorize self-represented parties to sign documents submitted to the court by email using an electronic signature or typed name with /s.

[3] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the ECF Rules. Self-represented litigants must request permission to register for ECF by filing a Motion for Permission for Electronic Case Filing.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 19, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge