USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DREWS; ROLAND BRISTOL; E.B.,

Plaintiffs,

-against-

ABIGAIL ADAMS; NICHOLAS CARESWELL; MICHAEL CORLETTA; CLARKE OSHOM; ABIGAIL SERWAITER,

Defendants.

24-CV-6698 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, alleging that Defendants violated their rights on May 31, 2023, when Defendants Abigail Adams, Nicholas Careswell, and Michael Corletta entered Plaintiffs' apartment building and removed Plaintiff E.B., a minor child, from Plaintiffs' apartment. By order dated October 24, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

As set forth in this order, the Court (1) dismisses the claims against Defendants Clarke Oshom and Abigail Serwaiter for failure to state a claim, with 30 days' leave to replead the claims against these two defendants; (2) dismisses the claims brought on behalf of E.B., without prejudice; and (3) directs service on Adams, Careswell, and Corletta.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are taken from attachments to the complaint; these facts concern only Defendants Clarke Oshom and Abigail Serwaiter, both of whom do not appear to be involved in the May 31, 2024 incident involving Defendants Adams, Careswell, and Corletta.

Drews attended Rockland Community College ("RCC"), and Oshom and Serwaiver, at some point, may have been employed at RCC. In one attachment, in what appears to be a social media posting, dated February 13,[1] an individual writes, Serwaitien "had me contact State Trooper Kelly McDougaull . . . [and] [t]his might be what triggered her along with the Judy Greene issues at Ramapo College[.]" (*Id.* at 27.) Serwatien, who Plaintiffs allege was a self-defense instructor at RCC, may have been involved in a prior relationship with Drews that involved an allegation of stalking.

Plaintiffs also attach to the complaint a subpoena, dated August 23, 2024, issued from the New York State Family Court, Rockland County, directing RCC to produce all records pertaining to Drews, Roland, and E.B. from the year of 2023.

[1] Plaintiffs do not include a year.

## DISCUSSION

### A. Claims Against Clarke Oshom and Abigail Serwaiter Are Dismissed

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiffs do not allege any facts showing how Defendants Oshom and Serwaiter were personally involved in the events underlying their claims. The facts alleged in the complaint do not appear related to the May 31, 2024 incidence, which is the subject of this lawsuit. Plaintiffs' claims are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiffs 30 days to file an amended complaint to state claims against these defendants. Any such claims against these defendants must relate to the May 31, 2024 incident involving Defendants Adams, Careswell, and Corletta. If Plaintiffs file an amended complaint, they should reassert all claims because the amended complaint will replace the original complaint. If the claims against Oshom and Serwaiter are unrelated to the May 31, 2024 incident, Plaintiffs must bring a new civil action to assert such unrelated claims.

**B. Claims Brought on Behalf of E.B. Are Dismissed**

A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009).

"In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Here, because the claim that Plaintiffs seek to assert is one that belongs to E.B., Plaintiffs cannot bring this claim on behalf E.B. without counsel. The Court therefore dismisses without prejudice any claims Plaintiffs are asserting on behalf of E.B.

**C. Order of Service on Adams, Careswell, and Corletta**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Abigail Adams, Nicholas Careswell, and Michael Corletta through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their addresses change, and the Court may dismiss the action if Plaintiffs fail to do so.

**CONCLUSION**

The Court dismisses Plaintiffs' claims against Clarke Oshom and Abigail Serwaiter for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead their claims against these defendants. The Court also dismisses E.B.'s claims without prejudice. The Clerk of Court is directed to terminate Oshom, Serwiaver, and E.B. from this action.

The Clerk of Court is instructed to issue a summons for Defendants Adams, Careswell, and Corletta, complete the USM-285 form with the address for each of these three defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiffs.

SO ORDERED.

Dated: October 30, 2024
       White Plains, New York

                                  NELSON S. ROMÁN
                                  United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sergeant Abigail Adams
   Suffern Police Department
   61 Washington Avenue
   Suffern, NY 10901

2. Sergeant Nicholas Careswell
   Suffern Police Department
   61 Washington Avenue
   Suffern, NY 10901

3. Officer Michael Corletta
   Suffern Police Department
   61 Washington Avenue
   Suffern, NY 10901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

-against-

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_______________

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated ____________________ Plaintiff's Signature ____________________

First Name ____________ Middle Initial ____________ Last Name ____________

Prison Address ____________________

County, City ____________ State ____________ Zip Code ____________

Date on which I am delivering this complaint to prison authorities for mailing: ____________